SEYMOUR CHAMBERLIN *et al.*

*v.*

CHARLES T. McCARTY.

1. EJECTMENT—*new trials.* Each of the parties to an action of ejectment, is, under the statute, entitled to a new trial as a matter of right.

2. So, where, in an action of ejectment, upon a trial before the court, the issues were found in favor of the defendant, and, upon the application of the plaintiff and payment of costs, a new trial was granted and had before the judge and a jury, which resulted in a verdict for the plaintiff, it was *held,* that the defendant, upon his application and the payment of all costs within one year, was, in his turn, entitled to a new trial as a matter of course.

APPEAL from the Circuit Court of McLean county; WAL-
TER M. HATCH, Esq., by consent of parties, acting as Judge.

This was an action of ejectment, brought by Charles T.
McCarty against Seymour Chamberlin and Frederick Sals-
bury, to recover of the defendants certain lands in McLean
county. Upon a trial before the court, on February 8, 1870,
a jury being waived, the issue was found in favor of the de-
fendants. Upon the application of the plaintiff and payment
of costs by him, a new trial was granted, and had on the 7th
of March, 1871, before the court and a jury, resulting in a
verdict for the plaintiff. The defendants then, on their part,
paid the costs within a year, and moved for a new trial under
the statute, which the court refused. To this ruling of the
court the defendants then and there excepted, and they now
bring the record to this court and ask that the judgment of
the court below be reversed.

Mr. M. W. PACKARD, for the appellants.

Messrs. HAMILTON & SPENCER, and Messrs. WELDON &
BENJAMIN, for the appellee.

Per CURIAM: The only question presented by this record
is, whether each party to an action of ejectment is entitled to
a new trial as a matter of right.

The sections in the chapter entitled "Ejectment," should
receive a liberal construction.

The title to real estate is determined by the action of eject-
ment, and not the mere possession as formerly, and ample op-
portunity should be afforded to each party to exhibit his title
and prove his rights.

By a fair construction of the statute under consideration, it
was certainly the intention of the legislature to give to each
party a new trial as a matter of course, upon compliance with
the statute. The intent of the statute could not be carried

into effect by confining the absolute right to a new trial to one party.

Such has been the construction of this statute by the courts and the profession for more than a quarter of a century, and we must give to it our assent.

The judgment is reversed and the cause remanded.

*Judgment reversed.*